UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KIMBERLY ROBINSON-HERRIOTT,

                    Plaintiff,                    Case No. 2:07-cv-1248
                                                  JUDGE GREGORY L. FROST
          v.                                      Magistrate Judge Terence P. Kemp

WACHOVIA CORPORATION
SHORT TERM DISABILITY PLAN, et al.,

                    Defendants.

## OPINION AND ORDER

        This matter is before the Court for consideration of Defendants' motion to dismiss (Doc.

# 6), Plaintiff's memorandum in opposition (Doc. # 10), and Defendants' reply memorandum

(Doc. # 11).  For the reasons that follow, the Court finds the motion well taken.

### I.  Background

        According to the Complaint, Plaintiff, Kimberly Robinson-Herriott, is a former employee

of Wachovia Corporation.  During the course of her employment, Plaintiff developed

complications associated with continuing degenerative disk disease.  This led to Plaintiff quitting

working on December 28, 2006.

        As an employee, Plaintiff was a participant in the Wachovia Corporation Short-Term

Disability Plan and the Wachovia Corporation Long-Term Disability Plan.  The former plan

provides 26 weeks of disability benefits to participants, while the latter plan provides benefits

after 26 weeks and until the participant is either no longer considered disabled under the plan or

dies.  Plaintiff applied for and obtained benefits under the short-term plan.

        After four weeks of short-term benefits, however, the administrator of both disability

1

plans, Liberty Life Assurance Company of Boston (also known as Liberty Mutual) ("Liberty

Mutual"), advised Plaintiff that it no longer considered her to be disabled.  Plaintiff

unsuccessfully appealed that decision.

Thereafter, on December 11, 2007, Plaintiff filed the instant action.  In her two-count

Complaint, Plaintiff asserts claims under 29 U.S.C. § 1132(a)(1)(B), one to receive short-term

benefits and one to compel transfer of her benefits request to the long-term plan so that the plan

can determine whether she has a right to long-term disability benefits.  (Doc. # 2 ¶¶ 18-28.)

Defendants Wachovia Corporation Short Term Disability Plan, Wachovia Corporation Long-

Term Disability Plan, and Liberty Mutual have filed a motion to dismiss Count II, related to

long-term benefits, as to all the defendants, as well as Count I as to Liberty Mutual.  (Doc. # 6.)

The parties have completed briefing on the motion, which is now ripe for disposition.

## II.  Discussion

### A.  Standard Involved

Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(6).  That rule

requires an assessment of whether Plaintiff has set forth claims upon which this Court may grant

relief.  For the purpose of the analysis under Rule 12(b)(6), this Court must construe the

amended complaint in favor of Plaintiff, accept the factual allegations contained in the amended

complaint as true, and determine whether Plaintiff's allegations plausibly suggest viable claims.

*See NicSand, Inc. v. 3M Co.*, 507 F.3d 442, 458 (6th Cir. 2007); *Assoc. of Cleveland Fire

Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007); *cf. Goad v. Mitchell*, 297

F.3d 497, 500 (6th Cir. 2002).  In other words, "a complaint will be dismissed pursuant to Rule

12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient

2

to state a claim, or if on the face of the complaint there is an insurmountable bar to relief." *The Limited, Inc. v. PDQ Transit, Inc*., 160 F. Supp. 2d 843, 843 (S.D. Ohio 2001) (citing *Rauch v. Day & Night Mfg. Corp*., 576 F.2d 697, 702 (6th Cir. 1978)).

### B. Analysis

As noted, Liberty Mutual moves for dismissal of both counts of Plaintiff's Complaint. Liberty Mutual asserts that it is not a proper party defendant, and Plaintiff in fact agrees that Liberty Mutual is in fact not a proper party to the Count I claim involving the short-term plan. (Doc. # 10, at 3.)  The parties do not agree, however, on whether Liberty Mutual is a proper party in the Count II long-term claim.  The Court need not and does not opine on the merits of the parties' arguments over whether Liberty Mutual is properly a party to Count II, however, because the second count does not evade dismissal today on other distinct grounds.

Defendants argue for dismissal of Count II in its entirety on the grounds that, because Plaintiff has failed to exhaust her administrative remedies, the claim related to long-term benefits is not yet ripe.  According to Plaintiff's Complaint, "[o]nce a participant has been disabled for the full 26 weeks under the short-term plan, Liberty Mutual transfers the participant automatically to the long-term disability plan."  (Doc. # 2 ¶ 13.)  Thus, Defendants reason, Plaintiff never completed the prerequisite exhaustion of short-term disability benefits that would place long-term disability benefits at issue.

Plaintiff disagrees with Defendants' argument.  She posits, without citation to authority or further explanation, that if a plaintiff is required to first prevail on a short-term disability claim before filing a long-term disability claim, that claimant risks expiration of the long-term claim statute of limitations.  Therefore, Plaintiff explains, she joined Liberty Mutual and the

3

Wachovia Corporation Long-Term Disability Plan as necessary parties in order to obtain complete relief–*i.e.*, an order from this Court that Plaintiff be rolled over from the short-term plan into the long-term plan for a determination extrinsic to this lawsuit as to whether she will obtain long-term benefits.

As Defendants point out in their reply memorandum, Plaintiff's argument concerning the possible expiration of the statute of limitations is speculative.  Additionally, Plaintiff has failed to plead facts indicating that she would not be able to pursue long-term benefits should she prevail on the Count I short-term claim.  Instead, Plaintiff's own factual allegations describe an automatic rollover system in which long-term benefits consideration invariably grows out of the expiration of short-term benefits.  Even if such an automatic rollover does not ultimately exist in relation to these disability plans, there are no facts before the Court that Plaintiff could not otherwise take affirmative steps to apply for long-term benefits following an award of qualifying short-term benefits.

The Sixth Circuit has explained that a failure to apply for long-term benefits can be excused when the denial of short-term benefits prevents fulfillment of the qualifying need to first exhaust those short-term benefits.  *Welsh v. Wachovia Corp.*, 191 F. App'x 245, 358 (6th Cir. 2006) (describing ).  That appellate court has also held, however, that because there is no administrative record regarding long-term disability benefits in such a scenario, the proper recourse is to afford a claimant the opportunity to file a claim for long-term disability benefits and pursue his administrative remedies first.  *Id.* at 359.  The Court concludes that exercising its discretion in this manner is appropriate in light of the briefing and posture of the instant litigation.

By representing today that Plaintiff is subject to dismissal based on a failure to exhaust administrative remedies in regard to long-term benefits, Defendants are conceding that Plaintiff will be able to pursue long-term benefits should she prevail on her short-term benefits claim. Implicit in this concession is that the statute of limitations cannot begin to run until Plaintiff is denied long-term benefits, if that would be the outcome. Defendants would in fact be estopped from arguing to the contrary in any future proceeding.

Under these circumstances, this Court concludes that Count II is not properly before this Court at this time. If the pleading is read as Defendants suggest to present a claim for an award of long-term benefits–which would be an incorrect reading–there would be an insufficient record enabling such a determination. The factual allegations underlying Count II are not "enough to raise a right to relief above the speculative level" so as to plausibly suggest a right to that relief at this time. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). If the pleading is read as Plaintiff urges to present a contingent claim enabling mere consideration of long-term benefits, then by means of the binding arguments presented in the motion to dismiss briefing and this decision Plaintiff has essentially obtained that which she sought in Count II: a determination that should she prevail on Count I, then the long-term plan will consider her for long-term benefits.

### III.  Conclusion

The Court **GRANTS** Defendants' motion to dismiss.  (Doc. # 6.)  Count I is dismissed as to Liberty Mutual, but otherwise remains pending.  Count II is dismissed without prejudice in its entirety.

Any future action by Plaintiff against any one or all defendants, alleging a claim or

claims predicated upon or involving to any degree the denial of the long-term disability benefits at issue here and filed in the United States District Court for the Southern District of Ohio, shall be assigned or transferred to the undersigned judge. Counsel are responsible for bringing to the attention of the Court any relationship between a subsequent new case and the action *sub judice*.

       **IT IS SO ORDERED**.

                                       /s/ Gregory L. Frost

                                  GREGORY L. FROST

                                  UNITED STATES DISTRICT JUDGE

6